48 F.3d 562
 310 U.S.App.D.C. 386, 97 Ed. Law Rep. 1026
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Bernard HARRISON, et al., Appellants,
v.
HOWARD UNIVERSITY, Appellee.
 No. 93-7208.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 25, 1995.
Rehearing Denied March 20, 1995.
 
 Before BUCKLEY, RANDOLPH and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. After full review of the issues presented, the court concludes that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 Appellants brought this diversity suit claiming appellee committed the tort of abuse of process by initiating a zoning hearing "solely for the, ulterior, collateral objective of devaluing [appellants'] property...." Complaint p 13. The district court granted appellee's motion to dismiss or, alternatively, for summary judgment. The facts alleged in appellants' complaint, if true, would still fail to establish an abuse of process under District of Columbia law. Bown v. Hamilton, 601 A.2d 1074 (D.C.1992). Accordingly, it is
 
 
 3
 ORDERED AND ADJUDGED by the court that the judgment of the district court be affirmed to the extent it grants appellee's motion to dismiss for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6); see Bonham v. District of Columbia Library Admin., 989 F.2d 1242, 1243-44 (D.C.Cir.1993).
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely peition for rehearing. See D.C.Cir.Rule 41.